IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Daryl L. Quarles, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-02269-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Major L. Smith, Lt. L. Lark, Sgt. | ) | |
| Pressly, Sgt. Bachinski, Officer Jones, | ) | |
| Officer Fallaw, Officer Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Daryl L. Quarles ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 2, 10). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On June 19, 2020, the magistrate judge issued order authorizing service of process against all Defendants. (ECF No. 9). On July 20, 2020, the United States Marshal's Service returned the attempted service upon Defendants Officer Jones and Officer Williams, because Plaintiff failed to provide sufficient information to identify Officer Jones, and Officer Williams is no longer employed by the Greenwood County Sheriff's office. (ECF No. 16). Consequently, on July 29, 2020, the magistrate judge entered a proper form order granting Plaintiff until August 19, 2020 to provide the necessary information and paperwork to service Officers Jones and Williams. (ECF No. 30). On August 18, 2020, Plaintiff responded to the proper form order acknowledging that Officer Williams is no longer employed at the Greenwood County Detention Center and indicating that "her first name maybe [sic] Ashley and . . . [she] went back to work for [the South Carolina Department of Corrections] probably McCormick Correctional Institution." (ECF No.

1

34 at 3). Plaintiff provided no further information as to Officer Williams and did not update the service documents for Officer Williams to change the service address. *See id*. at 1–3. With respect to Officer Jones, Plaintiff "confirmed that [she] is no longer employed with Greenwood County Detention Center[,]" but was able to provide no information as to her current employer or address. *Id*. at 6. Similarly, Plaintiff failed to update the service documents for Officer Jones. *See id*. at 5. Plaintiff asserted that "jail administrators, namely Major L. Smith and Cpt. M Boland [are] refusing to provide [Plaintiff] the first names, current employer or the addresses of [D]efendants Williams and Jones." *Id*. at 3; *see also id*. at 6.

Accordingly, now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Defendants Officer Jones and Officer Williams pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve these defendants within 90 days of the filing of the Complaint. (ECF No. 68). Plaintiff filed objections to the Report, (ECF No. 75), and this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

2

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett*

3

*v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In his Report, the magistrate judge recommends that the court dismiss Defendants Officer Jones and Officer Williams pursuant to Rule 4(m) based on Plaintiff's failure to provide sufficient information to affect service of process on these defendants. (ECF No. 68 at 2). Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss the action* without prejudice against that defendant or order that service by made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).[1] In this case, because Plaintiff is proceeding *pro se* and *in forma pauperis*, the ninety-day service period began to run on the date the original summons was issued, June 19, 2020. (ECF No. 9); *see Scott v. Lewis*, Civ. A. No. 6:19-0384-RMG, 2019 WL 4257248, at *1 (D.S.C. Sept. 9, 2019).

Although Plaintiff filed objections to the Report, they simply state Plaintiff's disagreement with the Report but fail to identify any error in the magistrate judge's analysis or conclusions. *See* (ECF No. 75). Specifically, Plaintiff merely summarizes the information he submitted in response to the proper form order, *see id.* at 1, which the magistrate judge already reviewed and determined to be insufficient to affect service on Officers Jones and Williams, *see* (ECF No. 68). Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific

---

[1] The magistrate judge's proper form order explicitly advised Plaintiff of the requirements of Rule 4(m) and warned that failure to provide the necessary information and documentation may result in the case being dismissed. (ECF No. 30 at 1–2).

4

objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 68) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id.*, and incorporates it herein. Accordingly, Defendant Officer Jones and Defendant Officer Williams are hereby **DISMISSED** from this case without prejudice pursuant to Rule 4(m).[2] This matter is remanded back to the magistrate judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 9, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] In his objections, Plaintiff requests that the court extend the time in which to serve Defendants Officer Jones and Officer Williams. (ECF No. 75 at 1). Rule 4(m) requires a court to "extend the time for service for an appropriate period" only "if the plaintiff shows good cause for the failure[.]" It has now been 234 days since the original summons was issued in this case, and the court has granted Plaintiff multiple opportunities to provide the necessary information and paperwork to serve these Defendants. Therefore, the court finds that Plaintiff has not shown good cause for his failure to properly identify Officer Jones and Officer Williams and denies Plaintiff's request for additional time to affect service of process. Furthermore, the court notes that Plaintiff's case will proceed as to the remaining Defendants and, if he is able to obtain the necessary information to service Officer Jones and Officer Williams through discovery, Plaintiff may seek to amend his Complaint to re-name them as defendants at that time.