IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Daryl L. Quarles, | ) |
|         Plaintiff, | ) Civil Action No. 5:20-cv-02269-TMC |
| vs. | ) **ORDER** |
| Major L. Smith, Lt. L. Lark, Sgt. Pressly, Sgt. Bachinski, and Officer Fallaw, | ) |
|         Defendants. | ) |

Plaintiff Daryl L. Quarles ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 2, 10). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On February 2, 2021, Defendants filed a joint motion for summary judgment. (ECF Nos. 84; 92; 93). The magistrate judge subsequently issued an order on February 5, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion and the possible consequences if Plaintiff failed to adequately respond. (ECF No. 94). The *Roseboro* order was mailed to Plaintiff on February 5, 2021, (ECF No. 95), and was not returned to the court as undeliverable. Despite the warning in the *Roseboro* order, Plaintiff filed no response to the Defendants' motion.

Consequently, on March 11, 2021, the magistrate judge issued order directing Plaintiff to advise the court whether he still wished to proceed with his case and, if so, to file a response to Defendants' motion for summary judgment by April 1, 2021. (ECF No. 103). The order was mailed to Plaintiff on March 11, 2021, (ECF No. 104); however, on April 5, 2021, it was returned

1

marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and "Not at This Address," (ECF No. 106).

Accordingly, now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending Plaintiff's Complaint be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 107). The Report was mailed to Plaintiff at the last known address he provided to the court,[1] (ECF No. 108), but was again returned as undeliverable on April 21, 2021, (ECF No. 109). This time, the returned envelope indicated that Plaintiff had been "Released" from custody. *Id*. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.[2]

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] Additionally, the letter the court received from Plaintiff on February 9, 2021 also bore the same return address. (ECF No. 102).

[2] Plaintiff, who initiated this action, has not provided the court with an updated address where he can receive mail relating to his case. It is not the responsibility of this court to investigate or research Plaintiff's whereabouts. Further, such is not practical given the court's heavy caseload and limited judicial resources. Additionally, the authority to dismiss an action for failure to prosecute is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).

2

However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Furthermore, it is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a

3

recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the magistrate judge's *Roseboro* order or to respond to the Defendants' motion. Further, Plaintiff was warned that his case may be subject to dismissal if he failed to respond to Defendants' motion. *See* (ECF No. 94). The court concludes that Plaintiff's lack of response to the Defendants' motion indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned in the *Roseboro* order that failure to respond or comply may subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 107) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** pursuant to Rule 41(b).[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 27, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Defendants' pending motion for summary judgment (ECF No. 84) is **DENIED as moot**.